**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS MATTHEWS, individually and on behalf of a class of all persons and entities similarly situated, | |
| Plaintiff, | |
| vs. | Case No. |
| GERBER LIFE INSURANCE COMPANY and JOHN DOE CORPORATION d/b/a LEGACY QUOTE | Complaint – Class Action |
| Defendants. | |

**CLASS ACTION COMPLAINT**

Plaintiff Thomas Matthews (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**Preliminary Statement**

1.      This case arises from unsolicited telemarketing promoting Gerber Life's insurance policies in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about proliferation of intrusive calling practices. *Mims v. Arrow Fin. Servs., LLC* 565 U.S. 368, 371 (2012).

2.      This case involves a campaign by Gerber Life Insurance Company (Gerber Life"), who hired an entity that identified itself as Legacy Quote ("Legacy") to market insurance services through unsolicited telemarketing calls, which included calls to individuals whose

1

telephone numbers were on the National Do Not Call Registry without the prior express consent of the call recipients.

3.      Mr. Matthews received such calls on his personal residential cellular telephone line in spite of having registered his cellular phone on the National Do Not Call Registry on August 31, 2021 and because these calls were transmitted using technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons.

## Parties

4.      Plaintiff Thomas Matthews is an individual residing in Roanoke, Virginia.

5.      Defendant Gerber Life is an insurance company organized under the laws of the State of New York headquartered at 1311 Mamaroneck Avenue, White Plains, NY 10605.

6.      Defendant John Doe Corporation d/b/a Legacy Quote is a vendor of Gerber Life that makes telemarketing calls on behalf of Gerber Life.

## Jurisdiction & Venue

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8.      This Court has jurisdiction over the defendant. Gerber Life regularly conducts business in this District, is organized under the laws of New York and is headquartered in this District.

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because Gerber Life is headquartered in this District.

2

**The Telephone Consumer Protection Act**

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.     The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

13.     Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

14.     By adding a telephone number to the National Do Not Call Registry, a consumer indicates her desire not to receive telephone solicitations.  *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the National Do Not Call Registry and

3

provides a private right of action against any entity that makes those calls, or the entity "on whose behalf" such calls are placed.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

17.     Gerber Life provides insurance services.

18.     Gerber Life utilizes telemarketing to promote its products and services and solicit new customers generate new customers.

19.     Gerber Life's telemarketing efforts include using third parties who are compensated based on the amount of new customers they can bring to Gerber Life and potential new customers transferred to Gerber Life's call center.

Calls to Plaintiff

20.     Mr. Matthews's cellular telephone number, 540-558-XXXX has been on the National Do Not Call Registry since August 31, 2021.

21.     This number is for Mr. Matthews's personal household use and is not associated with a business.

22.     At no point prior to the telemarketing calls that Plaintiff received that led to this lawsuit, did the Plaintiff seek out or solicit information regarding the Gerber Life insurance policies or services, nor did he consent in any fashion to receiving the calls.

23.     On August 29, 2022 Plaintiff received a call from caller ID 757-891-5353. The call started with a pause and a click, which is indicative of a call placed by an autodialer. Mr. Matthews spoke with someone who identified himself as Ray from Legacy Quotes calling on behalf of Gerber Life Insurance. Mr. Thomas stated he was not interested and hung up the phone. A call to that caller ID indicated it was a disconnected number.

24.     On September 2, 2022 Mr. Matthews received another call from r caller ID 757-891-5353 which he rejected.

4

25.

26.     On September 15, 2022, Mr. Matthews received another autodialed called that started with a pause and click and a caller coming on the line from caller ID 947-210-4074.

27.     The caller identified himself as calling from Legacy Quotes selling Gerber Life Insurance. Mr. Matthews was transferred to a woman named Turea Gardner, who identified herself as working for Gerber Life.

28.     Ms. Gardner offered life insurance and gave Mr. Matthews a call back number of 800-253-3074 extension 60985, which is a Gerber Life phone number.

29.     Additionally, an online search revealed a Gerber Life email address which appear to be associated with Ms. Gardner.

30.     The proximity of the calls and similarity of the calls, as well as the pause and click which reveals use of a predicative dialer, is indicative of *en masse* calling. The ability of the caller to transfer Mr. Matthews directly to Gerber Life personnel indicates that Gerber Life was in contact with the dialer prior to the calls being placed.

31.     Plaintiff has been unable to ascertain the identity of the entity which identified itself as Legacy Quotes and has accordingly brought suit against John Doe Corporation until the identity of the entity is revealed in discovery.

32.     The calls promoting Gerber Life invaded Mr. Matthews's privacy, as well as that of the members of the putative class.

33.     The calls tied up Mr. Matthews's phone line, as well as the lines of the members of the putative class.

34.     Mr. Matthews found the calls annoying and intrusive.

## Gerber Life's Liability for the Telemarketing Conduct of the Vendor that Contacted Plaintiff

35.     The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

36.     For twenty-five years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

37.     In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.*

38.     On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers. [1]

39.     The FCC confirmed in its May 9, 2013 Declaratory Ruling holding that sellers such as Gerber Life may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief.

---

[1]    *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

40. The May 2013 FCC Ruling held that, even absent evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing call if the telemarketer "has apparent (if not actual) authority" to make the call. 28 FCC Rcd at 6586 (¶ 34).

41. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

FCC Rcd at 6592 (¶ 46).

42. By engaging John Doe Corporation to make calls on its behalf to generate new business, Gerber Life "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

43.     Furthermore, Gerber Life permitted John Doe Corporation the ability "to enter consumer information into the seller's sales or customer systems" when it permitted John Doe Corporation to transfer Mr. Matthews's call over to Gerber Life.

44.     Gerber Life also ratified John Doe Corporation's conduct by accepting the benefits of John Doe Corporation's calling activity, including the business origination of the Plaintiff's information.

45.     Gerber Life has knowingly and actively accepted business that originated through the telemarketing calls to individuals whose telephone numbers are listed on the National Do Not Call Registry and who did not consent in writing or otherwise to receive such calls.

46.     Indeed, despite the receipt of at least one prior TCPA lawsuit relating to the telemarketing of third parties, Gerber Life continued to do business with third party lead generation providers who had the ability to directly transfer leads to Gerber Life.

47.     Indeed, with this information transferred to Gerber Life, it had the ability to determine if John Doe Corporation was sending it leads whose information was on the National Do Not Call Registry.

48.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46).  Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent."  *Id.* at 6593 (¶ 46).

## **Class Action Allegations**

49.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil

Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly

situated throughout the United States.

50.     The Class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1)
telephone numbers were on the National Do Not Call Registry for at least 31 days,
(2) but who received more than one telemarketing calls from or on behalf of Gerber
Life and/or John Doe Corporation (3) within a 12-month period, (4) from four years
prior the filing of the Complaint.

51.     Excluded from the Class are the Defendants, and any entities in which the

Defendant has a controlling interest, the Defendants' agents and employees, any judge to whom

this action is assigned and any member of such judge's staff and immediate family.

52.     The class as defined above is identifiable through phone records and phone

number databases.

53.     The potential class members number is likely at least in the thousands, since

automated telemarketing campaigns make calls to hundreds or thousands of individuals a day.

Individual joinder of these persons is impracticable.

54.     Plaintiff is a member of the class.

55.     There are questions of law and fact common to Plaintiff and to the proposed

Class, including but not limited to the following:

a.      Whether John Doe Corporation made the calls at issue;

b.      Whether Gerber Life is vicariously liable for John Doe Corporation's

telemarketing conduct;

c.      Whether the calls without obtaining the recipients' prior consent for the

call; and

d.      Whether the Plaintiff and the class members are entitled to statutory

damages because of Defendants' actions.

56.     Plaintiff's claims are typical of the claims of class members. Plaintiff's claims,

like the claims of the Class arise out of the same common course of conduct by Defendants and

are based on the same legal and remedial theories.

57.     Plaintiff is an adequate representative of the class because his interests do not

conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA

class actions.

58.     Common questions of law and fact predominate over questions affecting only

individual class members. The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendant and/or its agents.

59.     Management of these claims is likely to present significantly fewer difficulties

than are presented in many class claims because the calls at issue are all automated.  Class

treatment is superior to multiple individual suits or piecemeal litigation because it conserves

judicial resources, promotes consistency and efficiency of adjudication, provides a forum for

small claimants, and deters illegal activities.  There will be no significant difficulty in the

management of this case as a class action.

60.     The likelihood that individual members of the Class will prosecute separate actions

is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class**

61.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry.

63.     As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class are entitled to an award of up to $500 in damages for each and every call made to their residential telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

64.     If the Defendants' conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

65.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any residential telephone numbers using an artificial or prerecorded voice in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as a representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls using pre-recorded messages to call residential telephones, except for emergency purposes, in the future.

F.      An award to Plaintiff and the Class of damages, attorneys' fees and costs, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of January, 2023.

> PLAINTIFF,
> By his attorneys
>
> */s/ Edward A. Broderick*
> Edward A. Broderick (*pro hac vice application forthcoming*)
> Broderick Law, P.C.
> 176 Federal Street, Fifth Floor
> Boston, Massachusetts 02110
> Telephone: (617) 738-7080
> Facsimile: (617) 830-0327
> ted@broderick-law.com
>
> Anthony I. Paronich, (*pro hac vice application forthcoming*)
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> (508) 221-1510
> anthony@paronichlaw.com
>
> Andrew W. Heidarpour (*pro hac vice application forthcoming*)
> AHeidarpour@HLFirm.com
> HEIDARPOUR LAW FIRM, PPC
> 1300 Pennsylvania Ave. NW, 190-318
> Washington, DC 20004
> Telephone: (202) 234-2727