THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS MATTHEWS, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>GERBER LIFE INSURANCE COMPANY and JOHN DOE CORPORATION d/b/a/ LEGACY QUOTE,<br><br>        Defendants. | Case No. 7:23-cv-00552-VLB |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GERBER LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

**TABLE OF CONTENTS**

                                                                                 **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

       I.       LEGAL STANDARD ............................................................................................ 2

      II.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED .................................. 3

              A.      Plaintiff Is Not a Residential Telephone Subscriber .................................. 3

              B.      Plaintiff's Complaint Fails to Plausibly Allege That Gerber is Liable for the Phone Calls Plaintiff Allegedly Received From Legacy Quote ................................................................................................. 6

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................2

*Bank v. Vivint Solar, Inc.*,
    No. 1:18-CV-02555, 2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019) ......................................7, 8

*Cunningham v. Enagic USA, Inc.*,
    No. 3:15-CV-00847, 2017 WL 2719992 (M.D. Tenn. June 23, 2017), *report
    and recommendation adopted sub nom., Cunningham v. Polselli*, 2017 WL
    2935784 (M.D. Tenn. July 10, 2017) ........................................................................................5

*Cunningham v. Politi*,
    No. 4:18-CV-00362, 2019 WL 2519702 (E.D. Tex. Apr. 26, 2019) .....................................3, 5

*Cunningham v. Spectrum Tax Relief LLC*,
    No. 3:16-CV-02283, 2017 WL 3222559 (M.D. Tenn. July 7, 2017) ........................................5

*Cunningham v. Sunshine Consulting Grp., LLC*,
    No. 3:16-CV-02921, 2018 WL 3496538 (M.D. Tenn. July 20, 2018) ..............................3, 4, 5

*Facebook, Inc. v. Duguid*,
    141 S. Ct. 1163 (2021) ...........................................................................................................5, 6

*Gaker v. Q3M Ins. Sols.*,
    No. 3:22-CV-00296, 2023 WL 2472649 (W.D.N.C. Feb. 8, 2023) ..........................................4

*Golan v. FreeEats.com, Inc.*,
    930 F.3d 950 (8th Cir. 2019) .....................................................................................................6

*Hale v. Teledoc Health, Inc.*,
    No. 7:20-CV-05245 (VB), 2021 WL 1163925, at *2 (S.D.N.Y. Mar. 25,
    2021), *judgment entered*, 2021 WL 1168079 (S.D.N.Y. Mar. 25, 2021) .............................2, 7

*Hamdan v. Rumsfeld*,
    548 U.S. 557 (2006) ..................................................................................................................4

*Hayden v. Paterson*,
    594 F.3d 150 (2d Cir. 2010) ......................................................................................................2

*Jackson v. Caribbean Cruise Line, Inc.*,
    88 F. Supp. 3d 129 (E.D.N.Y. 2015) .....................................................................................7, 8

*Murray v. Choice Energy, LLC*,
   No. 1:15-cv-00060, 2015 WL 4204398 (S.D. Ohio July 10, 2015) .........................................7

*Salcedo v. Hanna*,
   936 F.3d 1162, 1169 (11th Cir. 2019) ....................................................................................5

*Shelton v. Fast Advance Funding, LLC*,
   378 F. Supp. 3d 356 (E.D. Pa. 2019) ...................................................................................4, 5

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984) ................................................................................................................6

*Thomas v. Taco Bell Corp.*,
   879 F. Supp. 2d 1079 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) ..................................................................................................................................6

**Statutes**

47 U.S.C. § 227............................................................................................................................*3*

**Regulations**

47 C.F.R. § 64.1200(c)..................................................................................................................3

**Other Authorities**

Restatement (Third) Of Agency § 1.01 ........................................................................................7

Restatement (Third) Of Agency § 1.01 cmt. g.............................................................................8

Defendant Gerber Life Insurance Company ("Gerber") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Thomas Matthews's ("Plaintiff") putative class action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

In this putative class action, Plaintiff asserts a single cause of action against Gerber, under the "Do Not Call" provision of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §227(c), based on three (3) calls that Plaintiff alleges he received on his cell phone in August and September of 2022, from an entity called Legacy Quote supposedly on behalf of Gerber. The Do Not Call section of the TCPA pursuant to which Plaintiff seeks relief is narrower than other provisions of the TCPA and applies only to "telephone solicitations" made to "residential telephone subscribers" who placed their telephone numbers on the National Do Not Call Registry ("NDNCR"). Because Plaintiff's cell phone is not a "residential telephone" his Complaint should be dismissed. And even if cell phones were covered by the statute (which they are not), the Complaint does not include any factual allegations regarding conduct by Gerber that, if accepted as true, could support Plaintiff's vicarious liability claim against Gerber. Thus, at a minimum, this Court should dismiss the Complaint as it pertains to Gerber.

## BACKGROUND

Plaintiff alleges that he received three phone calls from Legacy Quote, placed on behalf of Gerber, on August 29, 2022, September 2, 2022, and September 15, 2022 (the "Calls") on his cell phone number, 540-558-XXXX (the "Phone Number"). (Compl. ¶¶ 20, 23—26.) Plaintiff claims the Calls violated the "Do Not Call" provision of the TCPA (Section 227(c)). Parroting the term used in the statutory provision and regulations under which he is attempting to proceed, Plaintiff contends that he uses his cell phone for "residential" purposes. (*Id.* ¶¶ 3, 21.) Plaintiff also alleges that the Phone Number "has been on the [NDNCR] since August 31, 2021." (*Id.* ¶ 20.)

Plaintiff claims that on August 29, 2022 he "received a call from caller ID 757-891-5353" and "spoke with someone who identified himself as Ray from Legacy Quote calling on behalf of Gerber Life Insurance." (*Id.* ¶ 23.) Plaintiff "stated he was not interested and hung up the phone." (*Id.*) Plaintiff alleges he received and rejected another call from "caller ID 757-891-5353" on September 2, 2022. (*Id.* ¶ 24.) Plaintiff claims he received "another autodialed called [sic]" on September 15, 2022 and was transferred to Turea Gardner, "who identified herself as working for Gerber Life." (*Id.* ¶¶ 26—27.) Plaintiff alleges he did not "seek out or solicit information regarding the Gerber Life insurance policies or services, nor did he consent in any fashion to receiving the calls." (*Id.* ¶ 22.)

## ARGUMENT

**I.    LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers only "labels and conclusions" or a formulaic recitation of the elements of a cause of action does not suffice. *Id.* "[P]laintiff's legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss." *Hale v. Teledoc Health, Inc.*, No. 7:20-CV-05245 (VB), 2021 WL 1163925, at *2 (S.D.N.Y. Mar. 25, 2021), *judgment entered*, 2021 WL 1168079 (S.D.N.Y. Mar. 25, 2021) (Briccetti, J.) (quoting *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010)).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Plaintiff asserts a single cause of action against Gerber for violation of 47 U.S.C. § 227(c). Section 227(c) of the TCPA provides a private right of action for persons who have received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" prescribed under Section 227(c) of the TCPA. 47 U.S.C. § 227(c)(5). The corresponding federal regulation is 47 C.F.R. § 64.1200(c), which provides: "No person or entity shall initiate any telephone solicitation to . . . . [a] residential telephone subscriber who has registered his or her telephone number on the [NDNCR]." 47 C.F.R. § 64.1200(c)(2). Thus, in order to establish liability under Section 227(c)(5), a plaintiff must establish that he: (1) received a "telephone solicitation;" (2) is a "residential telephone subscriber;" (3) registered his number on the NDNCR; and (4) received more than one violative telephone call within a 12-month period.

As further detailed below, Plaintiff's Complaint should be dismissed because he concedes that the Calls were placed to his cell phone number, which is not a "residential telephone." Plaintiff also does not set forth any factual allegations that, if proven, would make plausible his claims against Gerber under either a direct or vicarious theory of liability. Thus, at a minimum, the Complaint as it pertains to Gerber should be dismissed.

### A. Plaintiff Is Not a Residential Telephone Subscriber

As set forth above, Section 227(c) of the TCPA limits its private right of action "to redress for violations of the regulations that concern residential telephone subscribers." *Cunningham v. Politi*, No. 4:18-CV-00362, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019), *report and recommendation adopted*, 2019 WL 2526536 (E.D. Tex. June 19, 2019); *see also* 47 C.F.R. § 64.1200(c). Both the TCPA's text and structure distinguish cell phones from residential phones.

*First*, the statutory text of the TCPA supports the conclusion that calls to a cell phone are not covered by the "Do Not Call" provision of the TCPA. "[T]he language of the TCPA

3

specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only 'the need to protect residential telephone subscribers' privacy rights.'" *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-CV-02921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018) (quoting 47 U.S.C. § 227(c)(1)), *report and recommendation adopted*, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018). "The definition of residential is 'used as a residence or by residents,' and 'resident' is defined as 'living in a place for some length of time,' or 'one who resides in a place.'" *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 362 n.7 (E.D. Pa. 2019) (quoting Merriam-Webster). Thus, "residential telephone" plainly "describes a telephone used by individuals in the home, and not a cellular telephone, which can be used anywhere." *Id.*; *see also* Report & Recommendation, *Gaker v. Q3M Ins. Sols.*, No. 3:22-CV-00296, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) (finding "[c]ell phones do not present the same concerns as residential telephones" and recommending dismissal of plaintiff's complaint).

*Second*, with respect to the statute's structure, "a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute." *Hamdan v. Rumsfeld*, 548 U.S. 557, 558 (2006). "[T]he TCPA specifically mentions 'cellular telephone service' in § 227(b) and § 64.1200(a)(1)(iii), indicating that both Congress and the FCC were aware of the distinction between a cellular telephone and a residential telephone and purposely protected only 'residential telephone subscribers' under § 227(c), § 64.1200(c) and (d)." *Shelton*, 378 F. Supp. 3d at 362 n.7; *see also Gaker*, 2023 WL 2472649, at *3 (finding "[t]he TCPA specifically mentions 'cellular telephone service' in § 227(b) and § 64.1200(a)(1)(iii), evidencing that both Congress and the FCC were aware of the distinction between a cellular telephone and a residential telephone and purposely protected only 'residential telephone subscribers' under § 227(c)"). This distinction has led courts to conclude that there is

4

no Do Not Call claim for calls placed to cell phones. *See, e.g., Politi*, 2019 WL 2519702, at *4; *Sunshine Consulting Grp., LLC*, 2018 WL 3496538, at *6 (dismissing the plaintiff's claim under Section 227(c) of the TCPA because "Plaintiff alleges calls only to his cell phone"); *Cunningham v. Spectrum Tax Relief LLC*, No. 3:16-CV-02283, 2017 WL 3222559, at *3 (M.D. Tenn. July 7, 2017) (same); *Cunningham v. Enagic USA, Inc.*, No. 3:15-CV-00847, 2017 WL 2719992, at *6 (M.D. Tenn. June 23, 2017) (same), *report and recommendation adopted sub nom., Cunningham v. Polselli*, 2017 WL 2935784 (M.D. Tenn. July 10, 2017); *see also Shelton*, 378 F. Supp. 3d at 362 n.7 ("[T]his Court questions whether cellular telephone subscribers were intended to be included in the definition of "residential telephone subscriber," as drafted by Congress in 1991 and the regulations promulgated by the FCC shortly after.").

Congress deliberately used the word "residential" in the TCPA. As the Eleventh Circuit observed in *Salcedo v. Hanna*, "the findings in the TCPA show a concern for privacy *within the sanctity of the home* that do not necessarily apply to text messaging." 936 F.3d 1162, 1169 (11th Cir. 2019) (emphasis added). Unlike residential telephones, "cell phones are often taken outside of the home and often have their ringers silenced, presenting less potential for nuisance and home intrusion." *Id.* Thus, "'residential telephone' describes a telephone used by individuals in the home, *and not a cellular telephone*, which can be used anywhere." *Shelton*, 378 F. Supp. 3d at 362 n.7 (emphasis added).

When the Do Not Call provision of the TCPA was enacted in 1991, cell phones were not as ubiquitous as they are now but, as noted above, Congress specifically accounted for cell phones elsewhere in the TCPA—but not in the Do Not Call provision, where it only addressed "residential telephones." Congress may wish to update the law to include cell phones in the Do Not Call provision, but the Court should not distort the plain meaning of the statute to do so. *See Facebook,*

*Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021) (holding that although certain autodialer technology described in the TCPA may be "senescent," it was up to the legislature to modernize the TCPA); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 456 (1984) ("It may well be that Congress will take a fresh look at this new technology, just as it so often has examined other innovations in the past. But it is not [the Court's] job to apply laws that have not yet been written.").

Although other courts have found cell phones do qualify as residential telephones under section 227(c) of the TCPA, the Second Circuit has not ruled on this issue. The decisions discussed above properly give the TCPA its plain meaning. This Court should not adopt Plaintiff's expansive definition of "residential telephone subscriber" simply because cell phone usage has increased from the time the statute was enacted in 1991. *Facebook*, 141 S. Ct. at 1171.

### B. Plaintiff's Complaint Fails to Plausibly Allege That Gerber is Liable for the Phone Calls Plaintiff Allegedly Received From Legacy Quote

Plaintiff's claim against Gerber should also be dismissed because he concedes that none of the Calls about which he complains were made by Gerber. "The plain language of the TCPA assigns civil liability to the party who 'makes' a call." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014). To be directly liable under the TCPA, the defendant must be the one who "initiates" the call. *See Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019). Here, Plaintiff alleges that the Calls were made by Legacy Quote, not Gerber. (Compl. ¶¶ 23, 27.) Thus, Plaintiff has pled no direct liability claim against Gerber.

Plaintiff instead attempts to invoke a vicarious liability theory in his Complaint, citing to the FCC's May 9, 2013 Declaratory Ruling holding that a corporation may be "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." (Compl. ¶ 38.) But

6

Plaintiff simply parrots statutory language and alleges no facts in support of such a theory. (*Id.* ¶¶ 43-45.) It is well settled that "in order to withstand a motion to dismiss, a plaintiff asserting vicarious liability in a TCPA action 'must allege an agency relationship between' the maker of the call, such as a marketing company, and the defendant." *Bank v. Vivint Solar, Inc.*, No. 1:18-CV-02555, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019) (citation omitted). "Federal courts have almost uniformly held the TCPA imposes vicarious liability based on federal common-law principles of agency." *Hale*, 2021 WL 1163925, at *3. An agency relationship arises when a principal manifests assent to an agent that "the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) Of Agency § 1.01 (2006); *see also Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (citing Restatement (Third) Of Agency § 1.01 (2006)). "A principal may be vicariously liable for the acts of its agent when: (i) when the agent acts with actual authority, (ii) the agent acts with apparent authority, and (iii) the principal ratifies the unlawful acts of its agent." *Hale*, 2021 WL 1163925, at *3 (citing *In re Dish Network, LLC*, 28 F.C.C.R. 6574, 6586–87 (2013) and Restatement (Third) of Agency §§ 7.03, 7.07).

Plaintiff has made no distinction between whether his claims are based on allegations of actual authority, apparent authority, or ratification. Regardless, none of these theories succeeds. An "action taken for the benefit of a seller by a third-party retailer, without more, is [in]sufficient to trigger the liability of a seller under . . . section 227(c)." *Murray v. Choice Energy, LLC*, No. 1:15-cv-00060, 2015 WL 4204398, at *5 (S.D. Ohio July 10, 2015) (citing *In re DISH Network, LLC*, 28 FCC Rcd. at 6593) (finding plaintiff failed to plead "any factual allegations to support the 'more' that is necessary to plausibly hold [defendant] vicariously liable"). Likewise, the mere "existence of a contract between [parties] . . . does not necessarily mean that" the defendant "had

7

the power to give 'interim instructions'" to the calling party (here, Legacy Quote), "the hallmark of an agency relationship." *Jackson*, 88 F. Supp. 3d at 138–39 ("[T]he power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents." (quoting Restatement (Third) of Agency § 1.01 cmt. f(1)); *see also* Restatement (Third) of Agency § 1.01 cmt. g ("Performing a duty created by contract may well benefit the other party but the performance is that of an agent only if the elements of agency are present.")).

Plaintiff does not make any factual allegations that, if accepted as true, would show an agency relationship between Legacy Quote and Gerber. The Complaint, rather, merely states bald conclusions that Legacy Quote transferred calls to Gerber, (Compl. ¶¶ 19, 27, 30, 43, 46), and that Legacy Quote did so "on behalf of Gerber Life." (*Id.* ¶ 6.) Similarly, Plaintiff's allegation that an agency relationship existed because Gerber allegedly "ratified" Legacy Quote's conduct (*Id.* ¶ 44) is nothing more than a legal conclusion, which does not establish vicarious liability. "[T]he absence of non-conclusory allegations of such an agency relationship and/or control is a fatal flaw" in the plaintiff's pleading, and warrants dismissal. *Vivint Solar*, 2019 WL 2280731, at *3. Thus, given the absence of any facts to support any theory of liability against Gerber, the Complaint should be dismissed in its entirety as to Gerber.

## **CONCLUSION**

For the reasons set forth above, Defendant Gerber Life Insurance Company respectfully requests that the Court dismiss the Complaint.

Dated: New York, New York
April 3, 2023

Respectfully Submitted,

By: /s/ Damon W. Suden
Damon W. Suden
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY  10007
Tel.:  (212) 808-7800
Fax:  (212) 808-7897
dsuden@kelleydrye.com

Lauri A. Mazzuchetti
(*pro hac vice application forthcoming*)
Kelley Drye & Warren LLP
One Jefferson Road
2nd Floor
Parsippany, NJ 07054
Tel.:  (973) 503-5900
Fax:  (973) 503-5950
lmazzuchetti@kelleydrye.com

*Attorneys for Defendant Gerber Life Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: April 3, 2023                     /s/ Damon Suden
       New York, New York                Damon Suden