**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS MATTHEWS, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GERBER LIFE INSURANCE COMPANY and JOHN DOE CORPORATION d/b/a LEGACY QUOTE, <br><br> Defendants. | Case No. 7:23-CV-00552-VB <br><br> Hon. Vincent L. Briccetti <br><br> **DEFENDANT GERBER LIFE INSURANCE COMPANY'S ANSWER AND DEFENSES** |

Pursuant to the Rule 8(b) of the Federal Rules of Civil Procedure and the Court's Order dated November 29, 2023 (ECF No. 23), Defendant Gerber Life Insurance Company ("Gerber") responds to Plaintiff's First Amended Class Action Complaint (the "FAC") as follows:

**Preliminary Statement**[1]

1.      The allegations set forth in Paragraph 1 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2.      Gerber denies the allegations set forth in Paragraph 2 of the FAC.

3.      Gerber admits that Plaintiff purports to allege claims on behalf of himself and a proposed nationwide class, but denies that Plaintiff is entitled to any of the relief he seeks for himself or the putative class and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.  Gerber denies the remaining allegations set forth in Paragraph 3 of the FAC.

---

[1]      Gerber's responses are limited to the numbered allegations set forth in the FAC.  To the extent a response is required to the headings and footnotes set forth in the FAC, they are denied.

**Parties**

4.      Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the FAC.

5.      Gerber admits the allegations set forth in Paragraph 5 of the FAC.

6.      Gerber denies the allegations set forth in Paragraph 6 of the FAC.

**Jurisdiction & Venue**

7.      The allegations set forth in the Paragraph 7 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber admits that the Court has federal question jurisdiction, subject to Gerber's right to challenge Plaintiff's standing under Article III, but otherwise denies that Gerber committed any violation of law.

8.      The allegations set forth in the Paragraph 8 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber admits that the Court has personal jurisdiction over Gerber as to Plaintiff's individual claim.

9.      The allegations set forth in the Paragraph 9 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber admits that it is headquartered in this District.

**The Telephone Consumer Protection Act**

10.      The allegations set forth in the Paragraph 10 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 10 of the FAC and refers the Court to the quoted statute for a complete and accurate statement of its contents.

11.      The allegations set forth in the Paragraph 11 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations

set forth in Paragraph 11 of the FAC and refers the Court to the quoted statute for a complete and accurate statement of its contents.

12.     The allegations set forth in the Paragraph 12 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 12 of the FAC and refers the Court to the quoted statute for a complete and accurate statement of its contents.

13.     The allegations set forth in the Paragraph 13 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 13 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

14.     The allegations set forth in the Paragraph 14 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 14 of the FAC and refers the Court to the quoted regulation for a complete and accurate statement of its contents.

15.     The allegations set forth in the Paragraph 15 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 15 of the FAC and refers the Court to the quoted regulation for a complete and accurate statement of its contents.

16.     The allegations set forth in the Paragraph 16 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 16 of the FAC and refers the Court to the quoted regulation and statute for a complete and accurate statement of its contents.

**Factual Allegations**

17.    Gerber admits the allegations set forth in Paragraph 17 of the FAC.

18.    Gerber admits the allegations set forth in Paragraph 18 of the FAC.

19.    Gerber admits the allegations set forth in Paragraph 19 of the FAC.

20.    Gerber denies the allegations set forth in Paragraph 20 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

**Calls to Plaintiff**

21.    Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the FAC.

22.    Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the FAC.

23.    Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the FAC.

24.    Gerber denies the allegations set forth in Paragraph 24 of the FAC to the extent they allege that an entity named Legacy Quotes made calls on behalf of Gerber.  Gerber has never done business with Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.  Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 24 of the FAC.

25.    Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the FAC.

26.    Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the FAC.

27.     Gerber denies the allegations set forth in Paragraph 27 of the FAC to the extent they allege that an entity named Legacy Quotes made calls on behalf of Gerber.  Gerber has never done business with Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.  Gerber admits that on September 15, 2022, a call with someone named Thomas Matthews was transferred to Turea Gardner, who worked for Gerber.  Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 27 of the FAC.

28.     Gerber admits that Ms. Gardner offered Mr. Matthews an opportunity to purchase certain insurance products and admits the remaining allegations set forth in Paragraph 28 of the FAC.

29.     Gerber admits, upon information and belief, the allegations set forth in Paragraph 29 of the FAC.

30.     Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 30 of the FAC.

31.     Gerber denies the allegations set forth in Paragraph 31 of the FAC.

32.     Gerber denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the FAC.

33.     Gerber denies the allegations set forth in Paragraph 33 of the FAC.

34.     Gerber denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34 of the FAC.

35.     Gerber denies knowledge of information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35 of the FAC.

**Gerber Life's Liability for the Telemarketing Conduct of the Vendor that Contacted Plaintiff**

36.     The allegations set forth in the Paragraph 36 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 36 of the FAC and refers the Court to the quoted statute for a complete and accurate statement of its contents.

37.     The allegations set forth in the Paragraph 37 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 37 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

38.     The allegations set forth in the Paragraph 38 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 38 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

39.     The allegations set forth in the Paragraph 39 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 39 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

40.     The allegations set forth in the Paragraph 40 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 41 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

41.     The allegations set forth in the Paragraph 41 of the FAC contain legal conclusions

to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 41 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

42.     The allegations set forth in the Paragraph 42 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 42 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

43.     The allegations set forth in the Paragraph 43 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 43 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents. Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

44.     Gerber denies the allegations set forth in Paragraph 44 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

45.     Gerber denies the allegations set forth in Paragraph 45 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

46.     Gerber denies the allegations set forth in Paragraph 46 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

47.     Gerber denies the allegations set forth in Paragraph 47 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy

Quotes to make telemarketing calls on its behalf.

48.     Gerber denies the allegations set forth in Paragraph 48 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

49.     Gerber denies the allegations set forth in Paragraph 49 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

50.     The allegations set forth in the Paragraph 50 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 50 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

51.     The allegations set forth in the Paragraph 51 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 51 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

52.     The allegations set forth in the Paragraph 52 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 52 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

53.     The allegations set forth in the Paragraph 53 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 53 of the FAC and refers the Court to the quoted Restatement for a complete and accurate statement of its contents.

54.     The allegations set forth in the Paragraph 54 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 54 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

55.     The allegations set forth in the Paragraph 55 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 55 of the FAC and refers the Court to the quoted Restatement for a complete and accurate statement of its contents.

56.     The allegations set forth in the Paragraph 56 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required,  Gerber admits that Ms. Gardner offered to sell Mr. Matthews an opportunity to purchase certain insurance products but denies the remaining allegations set forth in Paragraph 56 of the FAC. Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

57.     The allegations set forth in the Paragraph 57 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 57 of the FAC. Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

58.     The allegations set forth in the Paragraph 58 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 58 of the FAC.

59.     Gerber denies the allegations set forth in Paragraph 59 of the FAC.

60.     Gerber denies the allegations set forth in Paragraph 60 of the FAC.  Gerber has

never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

61.     Gerber denies the allegations set forth in Paragraph 61 of the FAC.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

62.     The allegations set forth in the Paragraph 62 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 62 of the FAC and refers the Court to the quoted document for a complete and accurate statement of its contents.

## Class Action Allegations

63.     Gerber admits that Plaintiff purports to allege claims on behalf of himself and a proposed nationwide class, but denies that Plaintiff is entitled to any of the relief he seeks for himself or the putative class and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.  Gerber further denies the remaining allegations set forth in Paragraph 63 of the FAC.

64.     Gerber admits that Plaintiff purports to allege claims on behalf of himself and a proposed nationwide class as defined in Paragraph 64 of the FAC, but Gerber denies that Plaintiff is entitled to any of the relief he seeks for himself or the putative class and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.  Gerber denies the remaining allegations set forth in Paragraph 64 of the FAC.

65.     Gerber admits that Plaintiff's putative class excludes the individuals and entities enumerated in Paragraph 65 of the FAC, but Gerber denies that Plaintiff is entitled to any of the relief he seeks for himself or the putative class and denies that this action is suitable for class

treatment under Federal Rule of Civil Procedure 23.  Gerber denies the remaining allegations set forth in Paragraph 65 of the FAC.

66.     The allegations set forth in the Paragraph 66 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 66 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

67.     The allegations set forth in the Paragraph 67 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 67 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

68.     The allegations set forth in the Paragraph 68 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 68 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

69.     The allegations set forth in the Paragraph 69 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 69 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

70.     The allegations set forth in the Paragraph 70 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 70 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

71.     The allegations set forth in the Paragraph 71 of the FAC contain legal conclusions

to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 71 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

72.    The allegations set forth in the Paragraph 72 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 72 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

73.    The allegations set forth in the Paragraph 73 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 73 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

74.    The allegations set forth in the Paragraph 74 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 74 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

## **FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class**

75.    Gerber repeats and incorporates all preceding answers as if fully restated here.

76.    The allegations set forth in the Paragraph 76 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 76 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

77.    The allegations set forth in the Paragraph 77 of the FAC contain legal conclusions

to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 77 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

78.     The allegations set forth in the Paragraph 78 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 78 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

79.     The allegations set forth in the Paragraph 79 of the FAC contain legal conclusions to which no response is required.  To the extent a response is required, Gerber denies the allegations set forth in Paragraph 79 of the FAC and denies that this action is suitable for class treatment under Federal Rule of Civil Procedure 23.

## PRAYER FOR RELIEF

Gerber denies that Plaintiff is entitled to any of the relief sought in his Prayer for Relief, the WHEREFORE clause, all of its sub-parts, and to any relief whatsoever from Gerber.

## GENERAL DENIAL

Any averment or paragraph in the FAC that is not specifically and explicitly admitted in this Answer is denied by Gerber.

## AFFIRMATIVE AND OTHER DEFENSES

By setting forth these affirmative defenses, Gerber does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff. Gerber reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

### First Defense

The FAC fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's and the putative class members' purported claims are barred because Gerber complied with all applicable statutes and regulations.

### Third Defense

Plaintiff's and the putative class members' purported claims are barred because they are not residential telephone subscribers.

### Fourth Defense

Plaintiff's and the putative class members' purported claims are barred because the TCPA's do-not-call provision does not apply to calls made to cellular telephones.

### Fifth Defense

Plaintiff's and the putative class members' purported claims are barred, in whole or in part, by the applicable statute of limitations.

### Sixth Defense

Plaintiff's and the putative class members' purported claims against Gerber are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

## Seventh Defense

Plaintiff and the putative class members provided prior express consent or permission to receive the calls about which they complain.  Accordingly, Plaintiff's and the putative class members' purported claims are barred.

## Eighth Defense

Plaintiff's and the putative class members' attempt to hold Gerber liable for alleged violations of the TCPA for the alleged conduct of a third party has no basis in law.  Gerber has never done business with John Doe Corporation d/b/a Legacy Quotes, nor has it authorized Legacy Quotes to make telemarketing calls on its behalf.

## Ninth Defense

Plaintiff and the putative class members lack standing to assert the claims alleged in the FAC.

## Tenth Defense

Plaintiff's and the putative class members' purported claims are barred because they have an established business relationship with Gerber.

## Eleventh Defense

As a result of Plaintiff's and the putative class members' conduct, representations, and omissions, upon which Gerber detrimentally relied, Plaintiff and putative class members are equitably estopped from asserting any claim for relief against Gerber.

## Twelfth Defense

Gerber alleges that by conduct, representations, and omissions, Plaintiff and the putative class members have waived, relinquished, and/or abandoned any claim for relief against Gerber respecting the matters that are the subject of the FAC.

**Thirteenth Defense**

Gerber alleges that granting Plaintiff's and the putative class members' demand would result in unjust enrichment, as Plaintiff and the putative class members would receive more money than Plaintiff and the putative class members are entitled to receive.

**Fourteenth Defense**

Gerber alleges that Plaintiff and the putative class members are not entitled to any relief because Gerber's conduct did not proximately cause any damages, injury, or loss to Plaintiff or any putative class member.

**Fifteenth Defense**

Plaintiff and the putative class members have failed to mitigate their alleged damages.

**Sixteenth Affirmative Defense**

Plaintiff's and the putative class members' purported claims for relief are barred because they fail to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

**Seventeenth Defense**

The damages Plaintiff and the putative class members seek against Gerber violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**Eighteenth Defense**

Plaintiff's and the putative class members' claims against Gerber are barred because the calls about which it complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Gerber for such calls would violate its First Amendment rights.

**Nineteenth Defense**

Plaintiff's and the putative class members' claims are subject to the primary jurisdiction of the Federal Communications Commission ("FCC"), and should be stayed and/or dismissed pending resolution by the FCC.

**Twentieth Defense**

Plaintiff's and the putative class members' claims are barred because Gerber did not engage in willful and/or knowing misconduct.

**Twenty-First Defense**

The Court lacks personal jurisdiction over any claims asserted by non-resident putative class members.

**Twenty-Second Defense**

Plaintiff's and the putative class members' claims are barred to the extent they had inquired or applied for any products or services with Gerber prior to the call in question.

**Twenty-Third Defense**

Gerber states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative and other defenses. Gerber reserves the right to assert additional affirmative and other defenses in the event that discovery indicates it would be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Gerber respectfully prays to the Court as follows:

1.      That the Court order that Plaintiff have and recover nothing from Gerber;

2.      That the Court enter Judgment in favor of Gerber and dismiss Plaintiff's FAC with prejudice;

3.      That the Court award to Gerber its expenses, costs, and attorneys' fees; and

4.      That the Court award such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 13th day of December, 2023

By: /s/ *Damon W. Suden*
Damon W. Suden
Caitlin R. Hickey
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel.:  (212) 808-7800
Fax:  (212) 808-7897
dsuden@kelleydrye.com
chickey@kelleydrye.com

Lauri A. Mazzuchetti (*pro hac vice*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
2nd Floor
Parsippany, New Jersey 07054
Tel.:  (973) 503-5900
Fax:  (973) 503-5950
lmazzuchetti@kelleydrye.com

*Attorneys for Defendant Gerber Life
Insurance Company*

18

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 13, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

Dated: December 13, 2023           */s/ Damon W. Suden*
      New York, New York               Damon W. Suden